UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

O.J.R.R.,

Petitioner,

v.

JULIO HERNANDEZ, et al.,

Respondents.

Case No. C26-4227-SKV

ORDER GRANTING PETITION

Petitioner O.J.R.R. proceeds through counsel and pursuant to an amended 28 U.S.C. § 2241 habeas petition. Dkt. 5. He alleges unlawful re-detention in violation of his right to due process and federal regulation. *Id.* He seeks, as relief, release from custody on the same conditions as those in place prior to his re-detention and, *inter alia*, an order enjoining his re-detention in the absence of constitutionally adequate process, an order enjoining the placement of an electronic GPS monitoring device or the imposition of other more restrictive conditions of release, and the return of his personal property, including items not included on a property receipt he was given at the time of his re-detention. *Id.* Petitioner also filed two unopposed motions, one of which requests the relief requested in his amended petition, Dkt. 7, and the other of which requests leave to proceed under a pseudonym, Dkt. 10.

The Court issued a scheduling order on November 2, 2026, directing Respondents (collectively "the Government") to "show cause why the writ of habeas corpus should not be granted" and providing that the Government "shall file a return to the habeas petition no later than November 16, 2026." Dkt. 2 at 1-2. To date, the Government has not filed a notice of appearance or response to the petition. The Court therefore "construes the habeas petition as intentionally unopposed." *Singh v. Blanche*, No. C26-4143-TMC, 2026 WL 3374205, at *1 & Ex. A (W.D. Wash. Nov. 7, 2026) (discussing letter advising that the U.S. Attorney's Office would continue to screen habeas petitions, but that the Court could assume where a notice of appearance was not filed within seven court days of the scheduling order, the Government would not file a response nor otherwise facilitate the processing of the case); *accord B.a.p.s. v. Quinones*, No. C26-4061-TSZ, 2026 WL 3465671, at *1 (W.D. Wash. Nov. 13, 2026); *Singh v. Mullin*, No. C26-4134-KKE, 2026 WL 3409217, at *2 (W.D. Wash. Nov. 10, 2026).

The Court has authority to grant a writ of habeas corpus to an individual who is "in custody in violation of the Constitution or law or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). Petitioner here alleges his unlawful re-detention without constitutionally adequate process and in disregard of the Government's own regulation. *See* Dkts. 5-9. The Court finds that the Government has waived any challenge to the arguments raised in the amended petition. *Singh*, 2026 WL 3409217, at *2 (citing *Carrillo v. Mullin*, No. C26-5229-SK, 2026 WL 2815883 (C.D. Cal. Sep. 18, 2026)); *see also Charles Alexander Ponzon Deroy v. Warden*, No. C26-5972-BFM, 2026 WL 3132157, at *2 (C.D. Cal. Oct. 19, 2026) ("As such, the Court need not decide whether it agrees with the merits of Petitioner's claims in all respects; it simply acknowledges that his claim that his detention is without lawful authority is unrefuted.").

Because the Government has failed to meet its burden to show cause why the writ of habeas corpus should not be granted, the Court GRANTS the petition and finds release is the appropriate remedy. The Court also addresses Petitioner's remaining requests and motions below.

The Court, for the foregoing reasons, herein ORDERS as follows:

(1) Petitioner's amended petition for writ of habeas corpus, Dkt. 5, is GRANTED.

(2) The Government shall RELEASE Petitioner from custody, on the same conditions as those in place prior to his re-detention, **within 24 hours** of the issuance of this Order.

(3) If the Government does not earlier do so, Petitioner's counsel shall file a status report **within seven days** confirming Petitioner's release.

(4) Although the Court finds release to be the appropriate remedy, it does not necessarily follow that Petitioner remains subject to the same "cognizable danger of recurrent violation." *Cummings v. Connell*, 316 F.3d 886, 897 (9th Cir. 2003). The Court also finds the record insufficiently developed to enjoin GPS monitoring or more restrictive conditions of release. The Court further finds no independent reason to believe the Government will impermissibly retain Petitioner's property. The Court therefore DENIES without prejudice the requests for injunctive relief.

(5) Petitioner's Unopposed Motion for Protective Order for Leave to Proceed Under Pseudonym, Dkt. 10, is GRANTED, and his Unopposed Motion for Relief Requested in the First Amended Petition for Writ of Habeas Corpus, Dkt. 7, is STRICKEN as moot.

(6) Any fee petition shall be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

(7) In accordance with instruction provided by the U.S. Attorney's Office, the

Court directs the Clerk to send copies of this Order to the following email addresses: OPLASeattlefedlit@ice.dhs.gov; TacomaLEOs@ice.dhs.gov; OCIJ.Habeas.Orders@usdoj.gov.

Dated this 20th day of November, 2026.

S. KATE VAUGHAN
United States Magistrate Judge